REQUESTED BY: Senator Tom Vickers Nebraska State Legislature 1110 State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
You have requested an opinion from our office with regard to several questions raised by amendments to LB 496, the mandatory safety belt legislation. First, you have inquired whether the amendments to LB 496 contained in the second final reading copy of the bill have resolved the question of whether the legislation applies solely to vehicles sold in the State of Nebraska. We believe that although prior language of LB 496 made its provisions applicable solely to vehicles sold in the State of Nebraska, such language has been eliminated, making the provisions of LB 496 applicable to every motor vehicle, model year 1964 or later, which is operated in the state.
Second, you have inquired whether incorporating a Federal Motor Vehicle Safety Standard into the safety belt legislation, as such standard exists on the effective date of the legislative bill, is constitutionally suspect. At the time you submitted your opinion request to our office, LB 496 included the statement that "[a]ll safety belts so worn shall be properly adjusted and fastened and shall be of a type which meets the requirements of Federal Motor Vehicle Safety Standard 209 in existence on the effective date of this act." Since the time of your request, this provision of LB 496 has been amended to read:
All safety belts so worn shall be properly adjusted and fastened and shall (1) be of a type which meets the requirements of 49 C.F.R. section 571.208 as such regulation currently exists or as the regulation existed when the safety belts were originally installed by the manufacturer or (2) if the safety belts have been replaced, be of a type which meets the requirements of 49 C.F.R. section 571.208 that applied to the originally installed safety belts or of a more recently issued version of such regulation. As the third final reading copy of LB 496 does not adopt the federal regulations as they exist on the effective date of the legislation, it is our opinion that a response to your question is no longer needed.
Third, you have asked whether LB 496 represents an unconstitutional delegation of legislative authority. A legislative enactment which adopts federal regulations which are in existence at the time of adoption does not represent an unconstitutional delegation of legislative authority to the federal government. See, 16 C.J.S., Constitutional Law, § 138 and cases cited therein. The Legislature, however, may not adopt federal regulations which are not yet in existence at the time of adoption. It is not clear from a reading of LB 496 whether the bill refers to federal regulations which "currently exist" on the date of adoption of the legislation or which "currently exist" from day to day throughout the time the safety belt legislation is in existence.
If the intent is to adopt the federal regulations as they currently exist on the date of adoption, it appears that no unlawful delegation of legislative authority would be present. Where the regulations as they exist on a specific date are adopted, the authority and discretion to alter the definition of a conforming safety belt would not be delegated to the federal government. We note that if the federal regulations are incorporated as of a specific date, such incorporation in LB 496 is distinguishable from the situation involved in Lincoln Dairy Co. v. Finigan, 170 Neb. 777,104 N.W.2d 227 (1960). In Lincoln Dairy Co., supra, the Legislature granted to the Director of the Department of Agriculture the authority to promulgate rules and regulations which were in compliance with a specific milk ordinance, and provided that violation of such rules and regulations would be a criminal offense. The Supreme Court of Nebraska held in Lincoln Dairy Co., supra, that the Legislature had unconstitutionally delegated its authority to an administrative agency.
If LB 496 adopts the federal regulations as of a specific date, and does not empower any federal entity with discretion to alter the terms of that bill, it is not constitutionally suspect as an unlawful delegation of legislative authority. However, if the Legislature intends to adopt federal regulations as they will currently exist throughout the duration of the safety belt statutes, such provision would be constitutionally suspect, as the provision may be construed to be a delegation of power by the Legislature to the federal government.
Your fourth question is whether LB 496 contains sufficient clarity in defining the offense of failure to wear a safety belt. Section 4 of LB 496 provides: Any person who violates section 1 of this act shall be guilty of a traffic infraction as defined in section 39-602 and shall be fined twenty-five dollars, but no court costs shall be assessed against him or her nor shall any points be assessed against the driving record of such person. It is our opinion that Section 4 of LB 496 affords individuals sufficient notice of the conduct proscribed by the statute, and that such section, therefore, is not constitutionally suspect.
Your fifth question is whether the effect of LB 496 will be to require all motor vehicles, model year 1964 or later, to be equipped with safety belts which meet the requirements of the federal safety standard. Due to the language contained in the most current amendment of LB 496, it is our opinion that a response to this question is no longer needed.
Sixth, you have inquired whether because the term "safety belts" is not defined in LB 496, but is defined in the documents incorporated by the Legislature in the bill, the bill is unconstitutionally vague. By incorporating the federal rules and regulations, the definition of "safety belt" contained therein would be adopted by the Legislature. LB 496 is not constitutionally suspect merely because it adopts the definition of "safety belt" contained in the federal regulations.
Sincerely,
ROBERT M. SPIRE Attorney General
Jill Gradwohl